**Satwant Singh BAGRI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72324.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 18, 2007.*

Filed April 18, 2007.

Jagdip Singh Sekhon, Esq., Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Satwant Singh Bagri, a native and citizen of India, petitions for review of the summary affirmance by the Board of Im-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

migration Appeals (BIA) of the decision of an Immigration Judge (IJ), denying his petition for asylum and withholding of deportation. We deny the petition for review.

## DISCUSSION

Bagri sought asylum and withholding of removal based on a claim of political persecution. For asylum, he was required to demonstrate he suffered past persecution or has a well-founded fear of future persecution. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006). Withholding of removal required him to demonstrate it is more likely than not he would be persecuted if he returns to India. *Id.* at 1190. The IJ denied relief based on Bagri's demeanor and credibility. Because the BIA summarily affirmed, we review the IJ's opinion as the final decision of the agency. *Id.* at 1184.

We ordinarily give "special deference to a credibility determination that is based on demeanor." *See Arulampalam v. Ashcroft,* 353 F.3d 679, 685 (9th Cir.2003) (internal quotation omitted). The IJ did not rely, however, on "non-verbal communication," such as a petitioner's expression, posture, nervousness, or coloration to support the adverse demeanor finding. *See Id.* at 686. Rather, the IJ's determination "rested on factors concerning the nature of petitioner's testimony, all of which are ascertainable from the record" and thus should be reviewed as an adverse credibility finding. *Id.*

We review adverse credibility findings for substantial evidence and will reject them only if the evidence compels a contrary result. *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). Although this standard is highly deferential, the IJ must identify "specific, cogent reasons" that are legitimately connected to the credibility finding and that "strike at the heart of the

claim" for asylum. *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006) (internal quotations omitted).

Here, the IJ noted inconsistencies and discrepancies in Bagri's testimony and documentary evidence. It is apparent from the record, however, that some of those inconsistencies and discrepancies "were possibly the result of mistranslation or miscommunication" and thus do not provide "a sufficient basis for an adverse credibility finding." *See Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999) (internal quotation omitted). Moreover, other cited conflicts in Bagri's testimony are minor and do not relate to his claim of persecution. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003) (noting minor inconsistencies that do not relate to the applicant's alleged fear of persecution will not generally support an adverse credibility finding). Nonetheless, "[a] single supported ground for an adverse credibility finding is sufficient if it relates to the basis for petitioner's alleged fear of persecution and goes to the heart of the claim." *Singh,* 439 F.3d at 1108 (internal quotation omitted).

Bagri's claim of political persecution arises from a single incident when he was arrested for allegedly sheltering a militant. The IJ correctly noted, however, that Bagri testified inconsistently regarding when he was arrested, whether he was hospitalized after his detention, and when he fled his village to live elsewhere in India. These are not minor inconsistencies, but rather clearly go to the heart of Bagri's claim. *See Id.* (noting that an inconsistency goes to the heart of a claim and therefore will support an adverse credibility finding if it concerns events central to petitioner's claim of persecution). Because Bagri therefore failed to establish his eligibility for asylum, he also failed to meet the more stringent requirements for withhold-

ing of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

BOOCHEVER, Circuit Judge, dissenting:

I respectfully dissent. I agree with the majority that most of the IJ's stated reasons for finding Bagri not credible were not supported by the record and were not sufficient for an adverse credibility finding. I do not agree, however, that the few remaining reasons the majority relies upon in upholding the adverse credibility finding are sufficient. Bagri did once give the date of his arrest and his departure from his village as 1995 rather than 1996, but corrected himself. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000) (minor inconsistencies in dates cannot form basis for adverse credibility finding). There was not a serious discrepancy between his testimony and documentary evidence regarding his medical treatment. Bagri explained that he was taken to the hospital for a brief visit after his release, and the doctor's letter did not clearly state that he had stayed in the hospital for an extended time. I therefore would conclude that the adverse credibility determination was not supported by substantial evidence, and I would grant the petition for review and remand to the BIA to consider Bagri's application anew. *See INS v. Orlando Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).