**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SATWANT SINGH BAGRI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-75053

Agency No. A077-421-554

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012<sup>**</sup>

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Satwant Singh Bagri, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

<sup>**</sup>      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Bagri's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for asylum, withholding of removal, or Convention Against Torture ("CAT") relief, given the immigration judge's adverse credibility determination, which we upheld in *Bagri v. Gonzales*, 232 Fed. Appx. 629 (9th Cir. Apr. 18, 2007). *See Toufighi*, 538 F.3d at 996-97.

The BIA did not apply a higher standard to Bagri's motion because providing credible evidence is a necessary component of establishing prima facie eligibility for relief. *See* 8 C.F.R. § 1208.13(a).

Finally, Bagri's contention that the BIA abused its discretion by not analyzing his claim for CAT relief separately fails because Bagri's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**